and the next case for argument is USA versus Blue. Mr. Boyce. Good morning, your honors. I am Dan Boyce. I represented Kendall Blue at the trial and here again on appeal. Your honors, when we drafted our brief, we started with three sentencing issues because there were most of those, but with the court's permission, I'd like to back up in time and take it chronologically because it might make a little more sense. Mr. Blue had been investigated by ATF, two ATF agents, and then I think a local law enforcement agent, and when he was indicted, he was indicted on a 924C count carrying a mandatory consecutive. He was indicted for the drugs. I think it was 50 grams in one count, 50 grams in another count, and 28 grams. He was indicted on a 924C count that added an additional five years consecutive to the five to 40 year mandatory, five year to 40 years for the drugs. And then he was also indicted on a second 924C count, which carried an additional 25 years in addition to the minimum mandatory of five, plus five, plus 25. As the record shows, Mr. Blue was somewhat unhappy with the series of attorneys. There were three different attorneys. Don't you have the issue in this case of an alternate sentence? We do, your honor. To wash over any guideline sentencing issue. We do, your honor, and we filed yes, I think it was yesterday, a notice of additional points and authorities about the Howard case, where Judge Davis just issued that opinion. I would urge the court to consider it. I know it's somewhat late, but the case apparently was just filed, decided December the 4th of 2014. But that didn't overrule Savignal-Mattoo to Hargrove. It says the court can take a look at 3553 factors, and if it's substantively unreasonable, the court does not have a problem. But that didn't overrule Savignal-Mattoo to Hargrove, do you think? I think what the court has... No, I ask do you think it in any way overrules those cases? I think it distinguishes that. Doesn't it just apply it? There's never been a question. Do you think that under a 3553 alternative sentence, we haven't had the power to look at that for substantively reasonableness? Yeah, I think you do. That's what we're looking at, the underlying calculations, but also the alternative sentence and determine whether it was substantively reasonable. I've calendared this case, and the issue that I'm interested in is the one that's framed. Did the district court err in applying a two-level sentencing enhancement to obstructing or impeding the administration of justice pursuant to 3C1.1? That seems to be a novel issue in the circuit, and I'd like to hear what you have to say about that. Thank you, Judge Floyd, and I believe the three of the issues are novel, including this particular one. In this case, the court ruled that Mr. Blue willfully lied about a material matter in paragraphs 9 and 11 of his affidavit. Those two, and I think the affidavit is included in the, it was filed with the court. I don't know that it's in the joint appendix, but those two paragraphs were discussed in the joint appendix, and those two paragraphs relate to whether or not he gave permission to the officers to seize the guns. Again, Judge Floyd, going back to how things progressed, we were hired right before the trial, and the client was insistent that we should file a motion related not only to the seizure of the guns, but also the statements made at the time the guns were seized. The evidence was three agents came to his house. They put him into a car that the police brought. He did not feel that he had the right to leave. There were three agents in there not only questioning him. There is no consent to search form that he allegedly signed, so there was a factual dispute as we viewed it whether or not A, he was properly Mirandized and whether the statements could be used against him, but also B, whether he gave consent for the agents to not only go to this truck where he had been in, seize the guns, and keep the guns. We filed it prior to trial, and when we went to on the day trial, we asked, or in our filing, we asked that the court consider either ruling prior to trial or allowing us to tell the agents, talk to the agents of Wardeer without, not in the presence of the jury. When we walked into the courtroom, the record shows the judge summarily denied the motion as untimely. That was the reason given because it was untimely, and he said that the defendant, not we, the current counsel, but the defendant had known about this since the beginning of the case, and for eight months no motion was filed. Our position was the client wanted the motion to file, the client wanted to go to trial, and the other attorneys apparently had a disagreement with whether or not they should go to trial. Ultimately, the judge only denied it as untimely, and there was no suppression hearing at all. Then when we get to sentencing, the judge says, okay, I'm now going to enhance your sentence for obstruction of justice because you set in there in the affidavit. Were you required to file the affidavit if in fact the motion had been denied as untimely? We believed we did under Federal Rule 103. Federal Rule 103 says, in order to preserve an issue for appeal, a party must inform the court of the substance of the excluded evidence by an offer of proof. So we believe we had to make some offer of proof as to what... Well, the evidence here was at least not excluded as a matter of substance. It was simply a procedural violence. Exactly right, and that's why we say it was improper to include it as obstruction of justice. Judge Dever had already made up his mind. He had summarily denied the motion as untimely. When he did that, he was ready to move forward, and I said, Your Honor, just as a matter of, for the record, for appellate purposes, we're turning this off as an offer of proof or words to that effect. Well, does it make any difference, and this is the thing I'm interested in, does it make any difference whether it's a false statement in the affidavit or a false statement made over the stand for purposes of that enhancement? I do not think so. I think either way it would be proper, but we never had the hearing on it, and it was only an offer of proof. So we were never able to prove that what he was saying was the truth because the judge summarily had already denied the motion before hearing to decide whether to suppress the evidence. Well, but I mean the judge didn't just arbitrarily decide that your client was not telling the truth. He heard from the officers at some point, right? He heard one of the officers at the original detention hearing. I don't believe that's in the joint appendix, but the issue at that time wasn't suppression. The issue then was detention, whether he should be detained. So our position is we should have had an evidentiary hearing, and there's a case. Bear with me, please. Is the argument that the reason why that's important is because you, actually your predecessors, did not have the opportunity to cross-examine, I imagine? To flesh it out, and I don't know if the defendant would have testified at a suppression hearing or not. We were never given that opportunity, but your honor, the case that we cited in the brief, U.S. v. Taylor, says, in deciding a contested motion to suppress, the appropriate way to resolve the conflict is by holding an evidentiary hearing after which the district court will be in a position to make findings. Yeah, but that's not a requirement that you always have a hearing anytime a suppression motion is filed. You don't think that's the law, do you? I think the court should consider. I said you think that's the law, that when a suppression motion is filed, there has to be an evidentiary hearing. No, there doesn't have to be. I agree with that. You like it. Maybe it's a better idea. Absolutely. Yes, sir. But the problem here is that the procedural, the precondition for holding that hearing was not satisfied in that the motion was filed eight months late. Eight months late, but. I mean, what would have been the point of having a hearing at that? Well, two things. Number one, there's an unpublished case, and I know that's not binding on this court, but in 2010, there's a case, U.S. v. Adams. It is 378 FEDA 304, 210 Westlaw 193683. And in that case, Adams filed an untimely suppression motion before the scheduled trial date. Here, we did the same thing. Yes, it was eight months later, but it was four days prior to trial. The government filed a response to it, but then the judge summarily denied it. Our position is the government showed no prejudice to them in any way. They just said it's untimely, and it shouldn't be filed, and we believe that he gave consent. Maybe there's prejudice to the court. Prejudice to the court, use of its resources. When he says the scheduling order, and he said you're late on the scheduling order. I believe, Judge Shedd, the court only said that he was ruling because it was untimely. That's it. It was eight months. Untimely as to his schedule, the court's schedule. It's not just the government. Trust me, despite what defense lawyers think, the courts do not run according to what the government lawyers tell them to do, and the court has its own interest in deadlines. Understood, Your Honor. Again, my problem is I wasn't there for eight months. Apparently, this particular defendant was having problems with prior counsel. He went through three counsel, and there was- That might be a justification for why it wasn't filed, but that's not a justification that it somehow met the deadline. I would respectfully submit that Judge Dever didn't consider the justification. That is, I had not been in the case earlier. He had other counsel who failed to file it. If he wants to, he can. There's no requirement that because you came late to the case, he has to consider a motion filed outside of time. Understood, but we would submit that the government needs to show some prejudice. What did you file with your motion? What did I file? You just filed the motion itself. I believe I filed a motion, a memorandum, and the affidavit of- And the government filed a response. The government did file a response. Do we know whether or not the court even looked at those documents? I believe the court did look at the documents. A hearing under the federal rules doesn't require a hearing in court like this. A hearing can just be on papers. Understood, but as suggested in the Taylor case, in deciding- That might be a profitable way to do it, or somebody might think that's a good way to do it, and quite frankly, I did lots of them myself as a judicial court judge. I think one I had lasted, I think, three or four days on a suppression hearing. Didn't give you a good feeling about that trial, though, when that goes three or four days. We've learned to shorten our ways. I understand your position is it should have been done. I'm just sort of thinking is it required. I think it absolutely should have been done. It was an abuse of discretion not to have been done because these were such critical issues. You had statements, very incriminating statements of the defendant about whether he was selling drugs, and you had issues related to those guns, and those guns were pivotal in this case. Now, the unique thing about this case is he was found not guilty on both counts, not guilty on both 924C counts, and the jury actually came back and asked a specific question of Judge Dabber, does the mere possession mean we have to find him guilty? We think the judge correctly told them, no, it doesn't. Despite that ruling, and this is one of our other appellate issues, the judge still gave a two-level enhancement. Despite the testimony by the informant that they were good friends, there was no pressure placed on him in any way to be with Mr. Blue. He never felt threatened by Mr. Blue, and amazingly, in one of the two transactions that allegedly occurred, the informant asked Mr. Blue to see a gun. The evidence was Mr. Blue enjoyed having guns. Anything about the felony cross-examination or impeachment on the felony? Were you stressed on your brief on that, or how do you want to handle that? There's some additional case law that I think, now that's in the upward departure, I'm not saying you have to, I'm just asking you about that. And could you repeat the question? I just, didn't you raise the point about that you could not impeach on some felony convictions? Fascinating case where they're extending Simmons. We could not find any cases that said Simmons is several convictions. And I think we cited a case that says a defendant has an absolute right to cross-examine and impeach a witness based on prior convictions. In this case... Not prior convictions, prior felony convictions. Yes, sir, prior felony convictions. And in this case, the judge said, I said, Judge, I don't want to be held in contempt of court here. I hear what you're saying, but I don't think it's applicable to the federal rules of evidence. Here's a unique thing. And with the court's permission, we'd like to provide supplemental information on this. Simmons came down specifically about North Carolina law, whether or not certain felonies are considered crimes punishable by more than a year. Of course, the Simmons case is related to a sentencing issue, not an evidentiary issue. The North Carolina sentencing guidelines have changed since the Simmons case. Now, all North Carolina felonies are punishable by more than one year. So we're going to have a disparity in how you cross-examine witnesses at trial. If you have to make calculations, whether this one particular defendant... Isn't the burden on the person wanting to use the conviction to have a good faith basis to say it's a felony? Absolutely. And that was the quandary we were in. Isn't the felony determined by the maximum of the sentence, the maximum sentence the defendant of that person, the person convicted, would face under that conviction? Correct. Federal rules of evidence say the maximum sentence is punishable by more than a year. That's offense-oriented. Simmons is... I know that. My question is, the court asked you what kind of time, Mr. Boyce, what kind of time the impeached person to be impeached could have gotten. And you said, I don't know what penalty he could have received was. Doesn't that eliminate... Doesn't that mean that the judge cannot have abuse of discretion not to allow because there's no good faith basis to know this person was facing what is a felony under the federal rules? The judge told me I could not ask the questions based on Simmons. And we don't think Simmons is... No, that's not about the federal rules of evidence. He asked you what was the sentence that the witness faced under those convictions. And you said you didn't know what it was. Based on the discovery that had been provided to me by the government, I was not positive what the sentence... And I guess your point is prior to Simmons, you didn't need to know that. Right. It was a prior felony conviction in North Carolina punishable by more than one year. The sentencing guidelines change it. Now they've changed it back again. And once again, a person who is convicted of a class-I felony is punishable by more than a year. The minimum range in the lowest block in the sentencing guidelines table for North Carolina, I think, is three years to 13 months. Well, but that disparity also applies in the conventional context of Simmons with the enhancement. It's not inconsistent. It applies to the sentencing enhancements as well. That changed. Judge, I'm not sure I understood. Well, you said the grid. The grid has changed. Yes, sir. All felonies are punishable by up to a year. So that means for purposes of sentencing enhancements under federal law, that inconsistency also exists. There's no disparity there. Now, any person convicted of a felony in North Carolina moving forward since the change... Well, let me ask you this. They're all the same. You were allowed to impeach. You were allowed to use a misdemeanor conviction to impeach this witness. Is there any argument that the error, if there was any, was harmless in this context? We would argue it's not harmless because we had an absolute right to go beyond just the misdemeanor. That was a crime of moral turpitude. The judge correctly ruled we were allowed to use that. But I believe the case law is that you can any... There's no discretion of the court saying, I'm not going to allow you... But that would only make it error. Right. That would only make it error. Right. That wouldn't mean it couldn't be harmless error. We would argue it's very harmful error not to be able to use a... The convicted, you were going... Thank you very much, Judge. Okay. You've reserved some time. Thank you, Judge. Mr. Rubin? Mr. Rubin, was it required to offer that proper with respect to the motion to suppress in order to preserve it? Good morning, Your Honor. I don't believe that it was actually required. And I think it's for specific reasons that you identified here. As defense counsel admitted, and as the transcript shows from the discussion, I guess it wasn't a hearing on the suppression motion, but the court's discussion, the court ruled that it was untimely and without good cause. So if the defendant were to appeal that, he'd be appealing the denial as untimely, which wouldn't require an affidavit for the same reason that it wouldn't require an evidentiary hearing, because the court wasn't reaching the merits of the motion. So he would have to come here and prevail on that, then have it sent back. Then he would get to discuss the merits. This is a different posture. You said, and without cause, you mean without cause for the delay? Yes, Your Honor. Fine. Not without cause on the merits. That's right, Your Honor. Yes. To be clear, without the good cause that Rule 12 requires. And I would, on that note, I would point out that notably defendant has twice waived any good cause argument about that. He didn't actually argue good cause to the district court. In fact, he conceded it, and he said to the district court, he said, I don't wish to be heard at all about the delays or anything like that. He didn't argue it in his brief here that there was good cause. So what we have below is a court denying, which this court ruled recently and more, looking at Rule 12, that an untimely motion is waived unless the court finds good cause. We have a defendant who didn't argue good cause, a court who didn't find good cause, and on appeal, he doesn't argue good cause. So ultimately, I think that really forecloses the merits of the suppression motion entirely. Well, maybe not entirely. I suppose he could allege a claim of ineffective assistance of counsel against his fire lawyer. He could seek to do that, Your Honor. I would note that he hasn't done that. I understand. And I'm not encouraging that. I'm just saying that may be his room. He hasn't had it yet. He hasn't had it yet. And perhaps that's because it's very difficult, as the court knows, to prevail on that kind of claim on direct appeal. That doesn't necessarily stop litigation. No. And it may show in a 2255 before the district court or this court. We don't know. But on appeal, he would have to show that it was per se. Ineffective assistance wouldn't be an issue on direct appeal anyway. That's just obvious on the basis of what's been filed. Otherwise, it has to wait for something to come out. That's right. As the judge has suggested. That's right, Your Honor. Not that it should be filed, but it's another avenue. That's right, Your Honor. It would have to be objectively unreasonable by counsel. And there's already a case that we cited below, Sexton v. French, that said it's a classic tactical decision whether to file a motion to suppress. And that basically answers that question as to whether it's objectively unreasonable. At the time this case was tried, Simmons was in effect, right? That's right, Your Honor. Yes. It would not, based on that, it would not have met the criteria under 609 to allow those two cases. That's right, Your Honor. And turning to the Simmons issue, defense counsel is right that I was also unable to find a specific case explicitly holding. Is it your position that they would not have been felonies? I mean, could not have been felonies? What is your position? Or that just no good faith offer that they were felonies for purpose of 609? I'm not challenging you. I'm just asking. Certainly, Your Honor. And there's nothing in the record to suggest that he had any felonies that would be Simmons-eligible and within the 10-year time period. Is that because you're looking at the substance and the punishment for him, for those offenses, or the record just has no information on that? There was a little information discussed during the colloquy with the district court judge about it. And based on that information, I believe we also put forward that his offense was, I think it's in the transcript somewhere, it was a Category H and he was a Level II, and that wouldn't be enough, that it was an 8- to 10-month sentence. And that wouldn't be Simmons-eligible. I can speak a little more to that outside the record only if the court would want me to do so. Otherwise, I will not. You mentioned the 10-year limit. There's no evidence in the record of that either? There's nothing within the 10-year limit. I thought the witness testified and gave some information. It didn't include that? I'm not sure I understand the court's question. Well, my recollection was that the witness in this case who suffered the conviction did provide some information regarding the offense. Is that not right? He did during the voir dire, Your Honor. So my question is, did he indicate when he suffered the conviction? I don't think during the voir dire that he said specifically when. I think it may have been in the question that he said around 2004 were you convicted of possession with intent to distribute cocaine. The answer was yes. So that, I mean, that takes care of the 10-year, or maybe it doesn't. Those were inside the 10-year at that time because I believe it was 2012. But there were no Simmons eligible. And Judge Shedd, as you mentioned, it is the burden on the proponent offering evidence. That's what I'm asking you. As I read the record, I couldn't find anything that indicated that under Simmons, under the Simmons approach, that there were any 10-year convictions within 10 years that subjected the defendant, the criminal defendant who was being examined, that subjected him to more than one year in prison. That's absolutely right, Your Honor. But it wasn't an affirmative statement that his convictions absolutely were not subject to. It was just the fact there's devoid of evidence in the record on what he faced. Is that correct? I think that's mostly correct. The government counsel— Well, I was hoping it was all correct. It is all correct on the record. I would just add to that, Your Honor, that government counsel then said that we also were not aware of any such convictions as well. Sort of to add to that, the government said, it's not like we're hiding anything. We don't know it. I didn't ask you that, though. That would be in the record, would it be? It is in the record. And I said, looking at the record, the record is devoid of any positive evidence that he was convicted of a felony that would count. That's right. Yes, Your Honor. That is absolutely, completely correct. I thought you would say that. But the point being, I'm teasing a little bit, the court asked, what could he be sentenced to? And I'm not saying anything about the defense lawyers. They tell the truth. They said, we don't know. And the judge goes, based on that, I'm not going to allow you to use it. Isn't that correct? That's correct, Your Honor. And Free Simmons, he didn't have to know. So why is it appropriate to apply Simmons in this context? I think there's two reasons. And this court has not yet actually ruled in a decision that it applies to Federal Rule of Evidence 609, but it seems almost inevitable that it has to. The first main reason is the language is identical. The court in Simmons was construing the Controlled Substances Act and was looking at the definition of felony that was, quote, I don't know. I'd so much be saying what we have to do now. I beg the court's pardon for my use of the words on that. But looking to this language, the Controlled Substances Act is an offense that is punishable by imprisonment for more than one year. The court then construed that in the context of North Carolina Structured Sentencing Act to tell us what it means when North Carolina punishes someone, whether that offense is punishable by more than a year, as the court knows. Federal Rule of Evidence 609 uses essentially the exact same words. It says that the crime can only be used if it was punishable by death or by imprisonment for more than one year. In order for the Federal Rule of Evidence to work differently than its sentencing, then that same language would have to mean two different things at two different times. And we think that the better approach would be for that language to always mean the same thing. And the second point sort of relates to that. Simmons was certainly a sentencing case. That's correct. It was about sentencing. But Simmons doesn't just apply to sentencing. Judge Diaz, I think you mentioned this as well, or you mentioned that it applies more than just the context of that case. It applies even early in the criminal process. If right now we were to indict someone on felony possession of a firearm based on an underlying conviction that was not a Simmons-eligible felony, they would go to the detention hearing. They would move to dismiss, say, you don't have a felon. I'm not a felon. And they would prevail using Simmons. Simmons was about sentencing, but it is not just a sentencing case. And we think that based on that and the language of Federal Rule of Evidence 609— Couldn't a defense counsel just say in a future case, Your Honor, this was a felony conviction when the Simmons grid was in play? And I have looked at it. I've looked at what he did. I've looked at the grid, and I believe, Your Honor, he was facing penalty of more than a year. That would be a good-faith basis. The court could explore it, and the government lawyer could, you know, ask the court about it as well or direct or argue to the court about it. But a good-faith basis doesn't mean you know it to a certainty, does it? No, Your Honor. It just means you have to not—you have to have a good reason to think that this is true. And that sort of answers that question that my colleague was raising about, oh, pre-Simmons, post-Simmons, and then post-North Carolina changes to the Structured Sentencing Act. And it's just, as you mentioned, ultimately that same issue of pre- and post-North Carolina changes, that may be difficult sometimes, but it'll come up on sentencing as well. And courts will know how to deal with it. And defense counsel seeking to cross-examine people or even the government. This applies to us, too. It can certainly be us. And counsel seeking to cross-examine a witness, they may have to work through that. But as you said, Judge Shedd, they just need a good-faith basis. And then the court can dig into it more if the court wants to. And I think courts and litigants will be able to handle that in the way that they've been able to handle Simmons and other conflicts. Because it's not unusual for a lawyer to have to have a good-faith basis to make a motion or make a request of the court. And sometimes the court will just ask the lawyer, do you have a good-faith basis? And sometimes the lawyer just asserts they do. And sometimes the context of the court doesn't explore it because it's clear maybe the information came from the defendant. And so you don't want to expose that in court. But it's not unusual for the court to understand what a good-faith basis is and for a court to figure out how to test that and to adjust for that, don't you think? I think that's a perfectly normal procedure. And the only question here was the legal question about whether Simmons applies to Federal Rule of Evidence 609. And we think that it does. Why in this, getting back to the obstruction enhancement, in the context of a judge, district judge, who's already made a decision that he's not going to consider the motion on procedural grounds because of the delay, why does the affidavit then cause an issue with respect to materially misleading the court when, in fact, he's decided I don't care about the affidavit because it's not useful in this context? I think there's a few reasons. And they're all sort of based in the text of 3C1.1 and the commentary on it and the way that courts have looked at it. The main thing is 3C1.1 doesn't require you to succeed. It doesn't require you to have changed the court's mind or to prevail on what you're trying to prevail on. It simply requires it to be an attempt. And we know, I certainly don't want to try and jump into anyone's mind and know why something was filed. But we know that it wasn't filed for no reason. We know that it was filed to persuade a court of something at some point, perhaps this court, perhaps the district court, perhaps hoping the district court, and this is the language that 3C1.1 uses, is if believed, you know, if believed, it would have tended to influence or affect the issue under determination. The district court obviously looked at the affidavit, even though the court, you're right, Judge Diaz had already ruled on it. If the court had looked at the affidavit and believed it, believed every word in that was accurate, is it possible that the district court might have sua sponte decided it was going to reconsider? It might have. Courts certainly have done that at times. They see an affidavit, find it compelling. They see some piece of evidence, say, wait a second, I know I've ruled on suppression, but this is, I can't believe this. And so all it has to do is be materially false information to a judge that would tend to influence, if believed, an issue under consideration. And the judge can reconsider her ruling until the case is final of that court, isn't that correct? Absolutely, you're right. He could have done it in the middle of trial. He could have said, wait, and that has happened before. We've certainly seen that happen in other cases before. The other thing that I would- So your argument is, it's not required that it actually affected, but just if there was an attempt to affect, and had it been believed, it could have affected. Is that the argument? That's right. If believed, it would, and this is, I'll quote the language so that I'm not misstating, tend to influence or affect the issue under determination. And then I would also add, and to be clear, the district judge didn't cite this one specifically. He did cite that. Application note 6C also says that it fits the enhancement producing or attempting to produce a counterfeit document during an official procedure, counterfeit or false. I believe there were falses in there as well. It was a false document produced during an official proceeding. That is what the district judge found. And so the obstruction enhancement seems broad enough to capture that definition, even under that alternate, the 6C, the judge ruled on application at 6F was what he specifically, I believe, looked at. And he was very careful to make all of the findings that the case law has said are necessary, and it's three things, false, material, and willful. And the district court found explicitly all three of those factors to be met, and therefore the enhancement applied. Now, Judge Shedd, you've mentioned both in this case and the previous case today that the alternative sentence in the court doesn't even need to reach this issue. And I think that is absolutely true here as well. The district court issued citing the case law an alternative variant sentence, went in detail through the 3553 factors and said, I would have imposed the same sentence even if I did something wrong. So I think the court could also analyze it as a harmless error and say that even if it was wrong to apply that obstruction issue, the obstruction enhancement, the sentence was still affirmable under savvy omnitude in the other case. You can understand, although that is the state of the law, that we sometimes see guideline issues that cause us to scratch our heads somewhat, obstruction of justice in this case. But I guess you would say that is that better left. I'm asking, is that better left for a case when this arises and there's no alternative sentence that is done now? Do you understand my question? I do understand your question. It's how the court, what order the court should reach you. Should you decide the obstruction enhancement? And if it's fine. How do we deal with that? If the law says an alternative sentence then allows that to be harmless, proper alternative sentence in the 3553A, do we just wait for a case when that very same point is raised when there is no alternative sentence? So the court then must decide that question? I don't think that the court has to wait. I think that the court, because what Savion and Nevin say is that if you have alternate reasons to affirm the sentence and one of them is valid, affirmable reason, then the court will affirm. That doesn't direct the court as to what order it has to address these in. Now, most cases I've seen, the court first analyzes it under harmless error. So I think the court does not have to reach the obstruction issue. However, Judge Floyd, I know you mentioned seeking oral argument in this case on this issue. If the court wants to address it, the court could do so. If it did so and it found a problem with that, then it would have to then turn to the Savion-Mattew argument because that would be an alternative ground to affirm. On this, we think the obstruction enhancement was proper here. It is, I agree, it's a slightly unusual posture that it wasn't advocated. What's your view on the court reaching issues that does not have to decide indecisively? I think it's a question of which issues the court doesn't have to decide. If the court decides- Is your view that we have to decide the obstruction of justice in this case? It is not necessary, no, Your Honor. So what is your view then on- I'm just trying to say what your view is on when we do address it. That's why I say, I'm just asking, do we wait until we have to address it? I don't think we have to do that. I think we can do sort of what we want to do in writing these opinions. But I was just asking your view on the law as to when we should address it. I think the better approach for the court is to rule as narrowly as possible. And I think in this case- So that would be just presumed error? That's right, presumed harmlessness review. I think there could be cases where it's actually easier to address the guidelines enhancements and not get to the alternative variance argument. This case, I think it's probably easier to do that alternative variance argument first. And so my answer earlier was simply to what I thought the court could do. Since I take you to be asking what the court should do, I would recommend to the court to address the alternative variance argument. And then only if it finds that it can't affirm under that ground, then reach defendant's sentencing guideline enhancement. I think it's a fair question for judges to think about. I think judges do ask, what order do we do in this case and what net purpose is it to do? How do we approach it? I agree, Your Honor. And I think sometimes it can also be the importance if it's an issue that keeps coming up but never seems to be able to be reviewed, the court might feel that it's time to publish an opinion on it or something. And the court has, as you said, the court can pretty much address these in any order that it wants to. But to us, the bottom line is that whether you look at it with the variance first or the enhancements first, the ultimate result should be an affirmance here. I don't want to take, I have just a couple minutes left. I don't want to take more time if the court doesn't have any more questions. Thank you. We'll let you rest on your breeze if that's what you would like to do. Thank you. And we ask that the court affirm. All right, thank you. Thank you very much. Mr. Boyce, you have five minutes. Thank you so much, Your Honor. Your Honor, I'm going to start with the last question asked. And I vehemently disagree with my colleague about the order it should be taken. A variance should only be considered at the end of the process. The court, and quite frankly, Judge Dever does a very good job of methodically going through the steps that a court should go through in fashioning the sentence. First, by starting with the sentencing guideline calculations. To put the variance ahead of that calculation is putting the cart before the horse. Yeah, but an alternate sentence is not a variance. Well, putting an alternate sentence before, I apologize, putting an alternate sentence before the guideline calculations is putting the cart before the horse. So I think the court has to do the appropriate analysis, walk through the base offense level, consider all the adjustments, consider any upward or downward departures, and it's only at the end that you consider the 3553 factors. That's what you think should be done. Do you have any law that says that? I do not today. But I understand, but you think that it should be done. Yes, sir. And we will go back and check and with the court's permission, if we find any additional points and authorities, we'll advise the court of that. I don't know that we need it because I think we know the law. Understood. You can follow whatever rules you want to follow as far as fine. Thank you. We're not asking for anything else from you that I know of. Thank you, Judge. Judge, I'd also like to address the issue of whether or not there was enough in the record on the felony convictions. And again, we will be submitting some felony punishment charts that are in North Carolina. There was a good faith basis to raise the issue. What actually happened was, I think the government provided some discovery about prior convictions of this person. It wasn't a good faith basis to raise the issue. It was a good faith basis to believe that it was punishable as those convictions were punishable as felons. And we did have that good faith basis. And that's what I'm getting to. When we were going through this process, I started asking the question that criminal defense lawyers normally ask, is what felony convictions have any of you had in the last 10 years that are punishable by more than one year? The prosecutor stopped, objected, and that's when we approached the bench. He was arguing under Simmons that there were no felonies punishable for more than a year. We believe that the record will show differently. I said I was going to ask which felonies was it convicted of that carry in excess of one year. And then we had the dialogue starting at page 194, carrying through 197 about which felonies we were talking about. So I made a preliminary proffer. He has from 2006, he has possession with intent to sell and deliver cocaine and received a 10-month sentence on that. My belief is that carried a potential sentence of more than 10 months, in fact, more than one year. So that's one felony. Well, but you didn't ask the right question. The question was what felonies were punishable as this defendant in excess of one year. Only if Simmons applies. We argue Simmons doesn't apply. So you're making this argument in the context of not. We should have been allowed to ask him the question. Simmons not withstand. We should have been allowed to ask him. And we would say that in North Carolina, possession with intent to sell and deliver cocaine in which he only received a 10-month sentence had a potential sentence of more than one year. Then we talked about the maintaining a dwelling in 2004. I believe that was a misdemeanor, but I'd like to double check on that. And the third one was another felony, possession with intent to manufacture, sell and deliver in 2004. And I said the sentence was eight to 10 months, but I didn't have the penalty sheet. The calculations couldn't be made based on what the government had given me. So that's two convictions. We contend that under the federal rules of evidence, I had an absolute right to cross examine him. I don't know why you would have needed the penalty sheets. If your theory of the issue is correct, all you needed was the grid then in existence, move to the far right. And it either is or isn't. Judge Diaz, if the court had agreed with me, you're right, but the court didn't agree with me. He was looking at as whether this particular defendant could have been punished by more than a year. But I would submit our analysis is correct and he could have been punished by more than a year. If you did it the old way attorneys were doing it, where you go to the bottom line, the class I or class H, whatever it is, go to the maximum penalty criminal history six, start your calculations there, which at least in 2009 was a maximum of 12 months. You then flip over and it's 12 to 15 months. So that is a sentence punishable by more than one year. So we would submit we had a good faith basis to impeach their key witness, the informant who was involved in all three of the deals that he was convicted of and that it is reversible error for the court's refusal to allow us to impeach that key witness. Thank you very much, Your Honors. Thank you very much. We'll step down and greet counsel and go to the third case.
judges: Dennis W. Shedd, Albert Diaz, Henry F. Floyd